IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MOLLIE PAIGE EDWARDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:12CV988 |
| | ) | |
| WESTERN PRODUCTS, LLC, | ) | |
| HOMECREST OUTDOOR, | ) | |
| TODD WINGRAVE, MARK FULLHOUR. | ) | |
| MICHAEL BULLINGER, TRELA HENDRIX, | ) | |
| TONI SANDIN, SANDIN LAWFIRM, | ) | |
| and EEOC, | ) | |
| | ) | |
| Defendants. | ) | |

RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This matter is before the Court due to Plaintiff's failure to complete and return summonses as directed by the Court, and resulting failure to effect service of process upon the Defendants pursuant to Federal Rule of Civil Procedure 4(m).

Plaintiff filed her Complaint [Doc. #2] on August 30, 2012, and a Supplement to the Complaint on January 2, 2013 [Doc. #9]. On March 20, 2013, the Court granted Plaintiff *in forma pauperis* status and ordered her to fill out summons forms for each Defendant and return the forms to the Clerk. The summonses would then be served by the U.S. Marshal's Service. The Court warned Plaintiff that "[f]ailure to prepare and deliver said summons within 15 days from the filing of this Order shall result in this case being dismissed without further notice." (Order [Doc. #10] at 2.)

On April 4, 2013, Plaintiff requested an extension of time to return the completed summonses [Doc. #11]. The Court granted Plaintiff's Motion, and Plaintiff was allowed to and including May 4, 2013, within which to return the summonses to the Clerk's Office for service by the U.S. Marshal's Service. As a result, the deadline for effecting service was extended to June 4, 2013. (See April 9, 2013 Order [Doc. #12].) In the Order, Plaintiff was again warned that failure to return a completed summons for each Defendant would lead to dismissal of this case.

This matter is now before the Court because it appears, based on a review of the docket in this case, that Plaintiff has failed to return a summons form for any Defendant as ordered by the Court. In addition, the Court notes that the record does not reflect that Plaintiff has otherwise effected service of process upon any Defendant, and the time for effecting service of process under Rule 4(m), as previously extended by the Court, has now expired. See Fed. R. Civ. P. 4(m) (providing that if a defendant is not served within the allotted time, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time"). In this case, over ninety (90) days have passed since the Court first instructed Plaintiff to return the completed summonses, Plaintiff has been given multiple opportunities to comply, and Plaintiff has been warned of the consequences of failing to comply. This case cannot proceed without proper service upon the Defendants.

IT IS THEREFORE RECOMMENDED that this action be dismissed without prejudice for failure to comply with the Court's prior Order and the corresponding failure to effect service of process pursuant to Federal Rule of Civil Procedure 4(m).

This, the 2nd day of July, 2013.

                                                /s/ Joi Elizabeth Peake
                                               United States Magistrate Judge